# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| Martinez | Civil Action 15-01708 |
| versus | Judge Richard T. Haik, Sr. |
| St. Landry Parish | Magistrate Judge Carol B. Whitehurst |

## REPORT AND RECOMMENDATION

Pending before the Court is a Motion for Leave to Proceed *in Forma Pauperis* filed by plaintiff, Jose Antonio Martinez, on May 15, 2015. [Rec. Doc. 2]. Martinez was incarcerated at the St. Landry Parish Jail. While he was incarcerated, Martinez filed a Complaint against the St. Landry Parish Sheriff's Department alleging violations under 42 U.S.C. § 1983. *R. 1.* On May 15, 2015, Martinez filed the motion at bar requesting to proceed *in forma pauperis*. *R. 2.* Upon receipt of the motion, the Clerk of this Court issued a deficiency notice for Martinez's failure to file his "Application on [an] approved form that is signed and completed by an accounts officer." *R. 2.*

On May 20, 2015, the Court issued an order stating that within thirty (30) days, Martinez was to complete and submit a proper *in forma pauperis* application (a copy of which was attached to the order) which was signed and completed by an accounts officer at the jail, as well a signed form authorizing his filing fee payments. *R. 4.* The Court specifically warned Martinez that "FAILURE TO AMEND THE PLEADINGS AS INDICATED ABOVE WILL RESULT IN THE PLEADINGS IN THE INSTANT COMPLAINT BEING STRICKEN FROM THE RECORD." *Id.* Martinez failed to submit the required information within thirty days.[1]

On October 13, 2015, the Sheriff of St. Landry Parish submitted the requested

---

[1] To date, Martinez has never complied with all of the information requested by the Court.

information from the institution's accounts officer as well as a Release Sheet indicating that Martinez had been released from the St. Landry Jail on August 31, 2015. *R. 8.* Thereafter, the Clerk of Court changed Martinez's address pursuant to Martinez's notice (which was received by the Clerk on October 13, 2015) that he had been released from jail and was living at the Opelousas Lighthouse Mission.² *R. 9.* At that time, the Clerk submitted an *in forma pauperis* application for non-prisoners to Martinez at 704 W. South St., Opelousas, La 70570, the address Martinez provided. *Id.* The Clerk's submission was returned as "undeliverable - attempted - not known - unable to forward." *R. 10.*

As provided by the foregoing record, the Court has been lenient with Martinez because of his status as a *pro se* plaintiff. Nonetheless, Martinez has disregarded the clear and reasonable court orders. Also, as indicated by the return of the Court's October 13, 2015 Order as undeliverable, Martinez is in violation of Local Rules, L.R. 11.1 and L.R. 41.3 by failing to apprise the Court of his address change. In addition, the complaint form used by Martinez to institute this action contains the following declaration dated May 20, 2013, and signed by him: "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice." *R. 1, Complaint at ¶ VI.*

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of the plaintiff to prosecute or comply with any order of the court. *Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir.1991). In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or failure to comply with the court's order. *Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir.1989). Since the plaintiff in this case is in proper person, it is apparent that this Court must weigh his actions

---

² Martinez's letter was postmarked October 9, 2015. *Id.*

alone in considering dismissal of this action under Rule 41(b). "The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir.1981). A *pro se* litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance. *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir.1988) (citing *Birl*, 660 F.2d at 593). "[T]he failure of a *pro se* litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute." *Lewis v. Hardy*, 248 Fed. Appx. 589, 2007 WL 2809969, at *4 n. 1 (5th Cir.2007).

The Court has attempted through its orders to have Martinez provide it with the information necessary to prosecute his case. Martinez's failure to comply with the Court's May 15, 2015 and May 20, 2015 orders clearly reflects a failure on the part of Martinez to prosecute. This record of several failures to comply with the Court's orders and rules establishes a clear record of continuing delay or contumacious conduct, including the aggravating factor that it has been caused by and is exclusively attributable to Martinez himself, justifying dismissal. *See Aucoin v. K–Mart*, 943 F.2d 6 (5th Cir.1991) (upholding trial court's dismissal for failure to prosecute of the slip-and-fall case of a plaintiff who failed to appear as ordered for a status conference).

## *Conclusion*

For the foregoing reasons, it is recommended that the claims of Jose Antonio Martinez be *DISMISSED WITH PREJUDICE* for failure to prosecute.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being

served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

Thus done and signed December 10, 2015, at Lafayette, Louisiana.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE